# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

        Plaintiff/Respondent,    Case No. 14-20425

v.

                                Judith E. Levy
                                United States District Judge

Jonathan Estrada,            David R. Grand
                                Magistrate Judge

        Defendant/Petitioner.

_____/

# OPINION AND ORDER DENYING
# DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE § 2255 HABEAS PETITION AND FOR APPOINTMENT OF COUNSEL [563]

Before the Court is Defendant/Petitioner Jonathan Estrada's motion for an extension of time to file a 28 U.S.C. § 2255 habeas petition to vacate, set aside, or correct his sentence and for the court to appoint counsel for the purpose of a prospective habeas petition. (ECF No. 563.) As Defendant has exceeded the applicable one-year period to file a habeas petition, the Court DENIES the motion.

On September 18, 2018, the Court issued a judgment sentencing Defendant to a prison term of 180 months after he pled guilty to one count

of RICO conspiracy, in violation of 18 U.S.C. § 1962(d). (ECF No. 463.) On September 10, 2021, Defendant filed this motion seeking an extension of time to file a petition under 28 U.S.C. § 2255 to set aside his conviction because, he argues, "the 6th Circuit has made a ruling stating that the RICO Act is '[n]ot' a crime of violence . . . and that the Supreme Court has also m[ade] a stay on this same ruling[.]"[1] (ECF No. 563, PageID.3742.) Additionally, he requests appointment of counsel "if there is such a change in the law[.]" (*Id.*)

An incarcerated person may file a federal habeas petition to vacate or set aside a sentence that "was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

---

[1] Last year, Mr. Estrada filed a similar motion to extend the time to file a § 2255 habeas petition. (ECF No. 478.) He sought an extension of time to argue that he is actually innocent of the crime for which he pleaded guilty and that his conviction no longer qualified as a crime of violence "in light of [the Supreme Court's decision] in *United States v. Davis*, [139 S. Ct. 2319 (2019)]." (ECF No. 478, PageID.2664.) Thereafter, he requested that the Court appoint him counsel for the purpose of the motion. (*See* ECF No. 489.)

On December 9, 2020, the Court denied both motions. (*See* ECF No. 507.) The Court noted that *Davis* was inapplicable to his case. (*See id.*, PageID.2905 n.3.) Further, Mr. Estrada provided no explanation for his delay in appealing his final judgment during the required timeframe. (*See id.*, PageID.2906.)

Detainees seeking to file a federal habeas petition are subject to a "1-year period of limitation," running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court is unaware of any Sixth Circuit case holding that a RICO conviction may not be considered a crime of violence. Here, Mr. Estrada has not set forth a basis for the Court to calculate the one-year habeas filing period at a time later than when the conviction became final on October 2, 2018.[2] (*See* ECF No. 507, PageID.2905–06.)

---

[2] Mr. Estrada filed a similar motion to extend the time to file a § 2255 habeas petition last year. (ECF No. 478.) In the Opinion and Order denying that motion, the Court explained

Therefore, with or without the assistance of counsel, Defendant's proposed petition would be denied as untimely.

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: November 18, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

---

[a]s a general matter, "convictions become final upon conclusion of direct review." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). When, as here, "a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed . . . pursuant to Fed. R. App. P. 4(b)(1)." *Id.*

In this case, the Court issued final judgment on September 18, 2018. (ECF No. 463.) Pursuant to the federal rules of appellate procedure, Defendant's deadline for appealing his judgment was 14 days later, on Tuesday, October 2, 2018. (Fed. R. App. P. 4(b)(1)). Because Defendant did not appeal his judgment, Defendant's conviction became final on this date.

(ECF No. 507, PageID.2906.)