# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,     Case No. 14-cr-20425

v.                                Judith E. Levy
Jonathan Estrada,           United States District Judge

                Defendant.    Mag. Judge David R. Grand

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [567]

Before the Court is *pro se* Defendant Jonathan Estrada's motion for reduction of sentence or compassionate release. (ECF No. 567.) He is currently incarcerated at USP Terre Haute. Defendant seeks compassionate release because "the COVID-19 Pandemic coupled with [his] prison conditions, retroactive modification, [his] sentencing disparities, and his post sentence rehabilitation" qualify as "extraordinary circumstances" under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 567, PageID.3751.) He also wishes to care for his mother, who has several health problems. (ECF No. 568.) Although the Court commends

Defendant for his strong advocacy on his own behalf, for the reasons set forth below, the motion is denied.

## I. Background

On June 29, 2017, Defendant was sentenced to 360 months imprisonment after he pled guilty to one count of racketeering, in violation of 18 U.S.C. § 1962(d). (ECF No. 273.)

On November 12, 2021, Defendant moved for compassionate release and/or reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 567.) In his motion and a letter[1] (ECF No. 568), Defendant sets forth five arguments in favor of compassionate release. First, it is Defendant's position that USP Terre Haute, where he is housed, "cannot protect him from COVID-19, due to the facility failing to maintain hygiene, a sterile environment, and physical distance from others." (ECF No. 567, PageID.3755.) Second, Defendant argues that "his sentence enhancement is no longer valid" because of a "new retroactive rule of law in *United States v. Davis*, 139 S. Ct. 2319 (2019)." (*Id.* at PageID.3756.)

---

[1] Although Defendant did not seek leave of the Court before filing this letter, the Court will still consider this filing because "[a] document filed *pro se* is 'to be liberally construed.'" *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Third, Defendant claims that his "behavior as a rehabilitated person" while incarcerated—that is, voluntary completion of Adult Continuing Education Courses, "deeply felt remorse," and an "exemplary disciplinary record"—mitigates the government's interest in his continuing detention. (*Id.* at PageID.3758; *see also* ECF No. 570, PageID.3777 (letter from Defendant's counselor at USP Terre Haute Counselor).) Fourth, Defendant contends that because his Co-Defendant Benjamin Beightol was granted compassionate release, he too should be granted compassionate release to maintain sentencing parity between individuals found guilty of similar conduct. (ECF No. 567, PageID.3759.) Finally, Defendant sent a letter to the Court stating that his "Compassionate Release is warranted due to the fact that his Mom needs his help to care for her." (ECF No. 568, PageID.3771.)

Defendant filed a motion for compassionate release with the warden, which was denied. (*See* ECF No. 567, PageID.3752.) Defendant's appeal of the warden's decision was also denied. (ECF No. 570.)

## II. Legal Standard

Compassionate-release motions require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United*

States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

**III. Analysis**

    **A. No "Extraordinary and Compelling Reasons" Warrant Compassionate Release**

Defendant provides four arguments regarding "extraordinary and compelling reasons" warranting reduction of his sentence: insufficient COVID-19 protections at USP Terre Haute, the purported retroactive rules of law regarding his sentence enhancement, his rehabilitation efforts, and his desire to care for his mother. The Court addresses each in turn and holds that Defendant does not present "extraordinary and

4

compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

### i. *Defendant's Access to Vaccination Against COVID-19*

Sixth Circuit precedent forecloses Defendant's argument that lax social-distancing protocols and unsanitary facilities amount to an "extraordinary and compelling reason" that he will be harmed by COVID-19 because he has *access* to COVID-19 vaccines. Regarding social distancing in prisons, the Sixth Circuit found that "inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes)," but it endorsed the Seventh Circuit's holding that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

Regardless of Defendant's vaccination status—which he does not disclose in his motion—the COVID-19 vaccine is available to all inmates in the Federal Bureau of Prisons, including inmates at Defendant's

5

facility, USP Terre Haute. *See* COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (June 30, 2022). And, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021 (quoting *Lemons*, 15 F.4th at 751)).[2] Defendant has neither presented any evidence that he has medical conditions which put

---

[2] Whether Defendant is vaccinated against COVID-19 does not alter the Court's conclusion that his access to the COVID-19 vaccine alleviates the risk the virus will harm him. The Sixth Circuit has "cast doubt on a defendant's ability to meet Section 3852's [sic] 'extraordinary and compelling reasons' requirement following their inoculation against COVID-19." *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quoting *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). The Sixth Circuit observed that "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *Id.* (quoting *Lemons*, 15 F.4th at 751). Courts in this Circuit have also refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. See *United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (denying compassionate release in light of the COVID-19 pandemic to a prisoner who declined to be vaccinated, without justification, because of hesitance "to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms."), *aff'd*, 2021 WL 4771125 (6th Cir. Aug. 9, 2021); *United States v. Manderfield*, No. 16-20817, 2021 WL 2476577, at *1 (E.D. Mich. June 17, 2021); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Macgregor*, No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Mar. 12, 2021); *United States v. Ervin*, No. 14-000195 (M.D. Tenn. Mar. 5, 2021) (Richardson, J.).

him at greater risk of harm from coronavirus than other people, nor has he presented a reason he cannot be vaccinated against this virus. Therefore, the danger currently posed to Defendant by COVID-19 at USP Terre Haute is not an extraordinary and compelling circumstance that warrants a reduction in sentence.

   ii.   *Retroactive Modification*

Defendant argues that because of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction no longer qualifies as a crime of violence, because that decision retroactively changed the law applicable to his case. (*See* ECF No. 567, PageID.3756–3757.) Defendant previously asserted this argument in two prior motions for extensions of time to file a habeas petition. (ECF Nos. 478, 563.) As the Court explained in denying Defendant's earlier motions, *Davis* is inapplicable to his case. (*See* ECF No. 507, PageID.2905 n.3; ECF No. 566, PageID.3748.) Therefore, Defendant has not presented evidence of a modification in the sentencing guidelines for the crime for his conviction.

   iii.   *Post-Sentence Rehabilitation Efforts*[3]

---

[3] On November 30, 2021, the Court received a letter regarding Defendant's difficult childhood and his desire to parent his sons from his cousin, Cinty Estrada. On December 6, 2021, the Court received a letter regarding Defendant's good

7

Defendant also points to his voluntary enrollment in continuing education classes, "exemplary disciplinary record," and "deeply felt remorse" as evidence of his rehabilitation while in prison. The Court commends Defendant's rehabilitation efforts, but "Congress has made clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for compassionate release." *United States v. Burlingame*, No. 1:15-cr-20042, 2021 WL 5198510, at *3 (E.D. Mich. Nov. 9, 2021) (citing 28 U.S.C. § 994(t)); *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020); *United States v. Hatcher*, No. 01-80361, 2021 WL 1056841, at *3 (E.D. Mich. Mar. 19, 2021)), *appeal dismissed*, 2021 WL 3234549 (6th Cir. July 1, 2021).

### i. Care for Defendant's Mother

Defendant claims that his "Compassionate Release is warranted" because his mother has limited mobility and other health issues, and she "needs his help to care for her.[4]" (ECF No. 568, PageID.3771.) While the

---

character and efforts at rehabilitation from his friend, Tiffany Baldridge. The two letters were not filed on the docket. Nonetheless, the Court has reviewed the letters because of its solicitude towards *pro se* prisoner litigants. *See, e.g., Smotherman*, 838 F.3d at 739.

[4] On November 30, 2021, the Court received a letter from Defendant's mother, Anita Harris, describing her health problems and her wish for Defendant to care for

Court finds his desire to help his mother admirable, the compassionate release statute, 18 U.S.C. §3582(c), defines the "extraordinary and compelling" reasons set forth in United States Sentencing Guideline § 1B1.13, and care of a parent is not an articulated reason for a reduced sentence. Rather, § 1B1.13 provides for only one type of "Family Circumstances," specifically, the death or incapacitation of a spouse or caregiver to the defendant's minor children, which is not applicable to the circumstances with Defendant's mother. Federal Sentencing Guidelines § 1B1.13. And caring for one's ailing parent does not fall under the "Other Reasons" category of the section § 1B1.13. Therefore, this factor does not favor Defendant's compassionate release, though Defendant's willingness to care for his mother is commendable.

### B. Sentencing Factors Under 18 U.S.C. § 3553(a)

Defendant contends that because compassionate release was granted to a co-defendant (ECF No. 541), the Court should also grant him compassionate release so that the it does "not create a drastic sentencing disparity with defendant[ ]s 'who have been found guilty of similar

---

her. The letter was not filed on the docket. Still, the Court has reviewed the letter and appreciates it very much. *See, e.g., Smotherman*, 838 F.3d at 739.

conduct.'" (ECF No. 567, PageID.3759 (paraphrasing 18 U.S.C. § 3553 (a)(6)).) However, the Sixth Circuit has "explained . . . that [18 U.S.C. § 3553(a)(6)] concerns national disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants." *United States v. Bass*, 17 F.4th 629, 636 (6th Cir. 2021) (quoting *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008)). And in any event, the co-defendant had different sentencing guidelines and a very different sentence from Defendant.

Still, courts are not precluded from considering sentencing disparities between co-defendants when evaluating motions for compassionate release (*see United States v. Dale*, No. 92-81127, 2022 WL 163612, at *6 (E.D. Mich. Jan. 18, 2022)), and it may be possible that non-retroactive sentencing disparities may support a compassionate-release motion when combined with other factors (*see United States v. McCall*, 20 F.4th 1108, 1113 (6th Cir. 2021), *reh'g en banc granted, opinion vacated*, 29 F.4th 816 (6th Cir. 2022)). Nonetheless, in this case, Defendant does not argue that any other 18 U.S.C. § 3553 (a) factor favors his release.

## IV. Conclusion

Accordingly, Defendant's motion for compassionate release (ECF No. 567) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 5, 2022              s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
                                     United States District Judge

I hereby certify that on this date a copy of the foregoing notice was served upon the parties and/or counsel of record herein by electronic means or First Class U.S. mail.

Dated: July 5, 2022         s/L. Bartlett for William Barkholz
                                 Case Manager