UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,        Case No. 14-cr-20425

v.                                    Judith E. Levy
                                     United States District Judge

Jonathan Estrada,

               Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [595]

Before the Court is *pro se* Defendant Jonathan Estrada's motion for reconsideration of this Court's order denying his motion for compassionate release and/or sentence reduction. (ECF No. 595.) Defendant argues that the Supreme Court's ruling in *Concepcion v. United States*, 142 S. Ct. 2389 (2022) requires that the Court grant his motion for compassionate release. (ECF No. 595 PageID.3858–3859.) Defendant also argues that reconsideration is warranted for the reasons he set forth "in his original requests for compassionate release (with the exception of the Davis claim, defendant understand[s] clearly that Davis

is inapplicable to his case)." (*Id.* at PageID.3859.) Defendant's motion is thoughtfully and carefully composed and sets for compelling reasons for a reduction in sentence. Unfortunately, none of those reasons allow for the relief Defendant seeks. Therefore, for the reasons set forth below, Defendant's motion is denied.

I. **Legal Standard**

"Although the Federal Rules of Criminal Procedure do not authorize motions for reconsideration, the Supreme Court determined many years ago that defendants may file them." *United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020) (citing *United States v. Healy*, 376 U.S. 75, 78 (1964).) Motions for reconsideration in criminal cases are generally treated like motions for reconsideration in civil cases, which are governed by Eastern District of Michigan Local Rule 7(h). *See e.g., United States v. Boston*, No. 14-20383, 2021 WL 598547 at *1 (E.D. Mich. Feb. 16, 2021) (Edmunds, J.). Local Rule 7(h) permits reconsideration where (1) "the court made a mistake" and "correcting the mistake changes the outcome of the prior decision;" (2) "an intervening change in controlling law warrants a different outcome;" and (3) "new facts warrant

2

a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision."

## II. Analysis

In *Concepcion v. United States*, just one year after the defendant was sentenced after pleading guilty to distributing five or more grams of crack cocaine in 2009, Congress passed the Fair Sentencing Act "to correct the harsh disparities between crack and powder cocaine at sentencing." 142 S. Ct. at 2396. The Sentencing Commission "retroactively amended the Sentencing Guidelines to lower the guidelines range for crack-cocaine offenses[.]" *Id*. at 2397. Concepcion was not eligible for the retroactive relief because he had been "sentenced under the career offender enhancement[.]" However "he became eligible to have his sentence reduced in 2018 when Congress passed the First Step Act," which authorized district courts to "'impose a reduced sentence' for qualifying movants as if . . . the Fair Sentencing Act . . . were in effect at the time" of his offense. *Id*.

The defendant in *Concepcion* filed a *pro se* motion under the First Step Act, arguing that the retroactive application of the Fair Sentencing Act lowered his guidelines range. *Id*. The defendant argued that if he

3

were sentenced on the date of his First Step Act motion, he would not have been sentenced for as long a time because (1) he would no longer be considered a "career offender" because one of his prior convictions was vacated (which meant that an enhancement to his sentence would not be triggered); and (2) there was post-sentencing evidence of his rehabilitation, including that he completed drug and vocational programming. *Id*. The Supreme Court held that district courts have discretion to consider such information at proceedings in which a sentence is modified. *See id*. at 2398. In other words, the long tradition in the United States that "[w]hen a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction," carries forward to "later proceedings that may modify an original sentence." *Id*. at 2396, 2398.

The *Concepcion* Court distinguished the district court's role in fashioning a sentence under First Step Act from its role in considering a modification of a sentence under a motion for compassionate release. *Id*. at 2401. In this case, the underlying motion before this Court does not involve a sentencing or resentencing decision under the First Step Act. Rather, Defendant originally filed a motion for compassionate release

4

under § 3582(c)(1)(A), which is not the same as a motion for modification of his sentence under the First Step Act. The *Concepcion* Court explained that, for sentence modification proceedings such as one for compassionate release, "Congress expressly cabined district courts' discretion by requiring courts to abide by the Sentencing Commissions' policy statements." *Id.*, *see United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) (declining to extend *Concepcion* to the compassionate release setting). Accordingly, the Supreme Court's decision in *Concepcion* does not change the outcome of this Court's order denying Defendant's motion for compassionate release.

Next, Defendant repeats the arguments set forth in his motion for compassionate release. (ECF No. 595 PageID.3859.) He does not identify an error in the Court's decision that would justify reconsideration, however. Instead, he disagrees with the outcome, which is not a suitable reason to grant a motion for reconsideration.

Defendant's motion for reconsideration also provides more detail regarding his desire to care for his mother. Defendant attached notes of interviews of his siblings regarding their mother and their enormously challenging childhoods. The Court's heart breaks for all of the members

5

of this family. It especially appreciates the Defendant's desire to help his mother, despite the difficulties he faced at her hands as a child. But this is information that was before the Court at the time of sentencing and at the time Defendant's motion for compassionate release was denied. E.D. Mich. LR 7.1(g). And, as explained in the Court's order denying Defendant's motion, sadly, caring for an ailing family member is not an articulated reason for a reduction of a sentence. (*See* ECF No. 580, PageID.3822–3823.)

### III. Conclusion

In sum, Defendant's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: December 14, 2022　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2022.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager